fendant who requests police aid thereby consents to an unlimited 12-day search of his business premises ignores the relevant context of the consent—the need for immediate medical assistance—and amounts to a rule that a cry for help waives all Fourth Amendment protection. I would set the case for plenary argument.

No. 81–6082. RUFFIN *v.* AUSTIN, WARDEN, GEORGIA STATE PRISON. Super. Ct. Ga., Tatnall County;

No. 81–6131. EVANS *v.* VIRGINIA. Sup. Ct. Va.;

No. 81–6143. ROOK *v.* NORTH CAROLINA. Sup. Ct. N. C.; and

No. 81–6151. CUNNINGHAM *v.* GEORGIA. Sup. Ct. Ga. Certiorari denied. Reported below: No. 81–6131, 222 Va. 766, 284 S. E. 2d 816; No. 81–6143, 304 N. C. 201, 283 S. E. 2d 732; No. 81–6151, 248 Ga. 558, 284 S. E. 2d 390.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia,* 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentences in these cases.

No. 80–6843. HIGH *v.* GEORGIA, *ante,* p. 927;

No. 81–23. HUTTO, DIRECTOR, VIRGINIA STATE DEPARTMENT OF CORRECTIONS, ET AL. *v.* DAVIS, 454 U. S. 370;

No. 81–1013. JOHNSON *v.* SUPERIOR COURT OF CALIFORNIA, CITY AND COUNTY OF SAN FRANCISCO (BANK OF AMERICA ET AL., REAL PARTIES IN INTEREST), *ante,* p. 921;

No. 81–1078. GELLER *v.* MERIT SYSTEMS PROTECTION BOARD ET AL., *ante,* p. 901;

No. 81–5566. DENARDO *v.* MURPHY, 454 U. S. 1096;

No. 81–5801. WALLACE *v.* GEORGIA, *ante,* p. 927;

No. 81–5831. LEUSCHNER *v.* MARYLAND, *ante,* p. 951; and

No. 81–5841. SABIR *v.* RAINIER NATIONAL BANK, 454 U. S. 1157. Petitions for rehearing denied.