361 S.E.2d 470

**STATE of West Virginia**

v.

**Fred Michael BUCK.**

**No. 17410.**

Supreme Court of Appeals of
West Virginia.

June 3, 1987.

---

Mary Rich Maloy, Dist. Atty. Gen., for appellant.

Hugh Rogers, Jr., Kerens, for appellee.

PER CURIAM:

This is a sequel to this Court's decisions in the cases of *State v. Buck*, 170 W.Va. 428, 294 S.E.2d 281 (1982), [the first *Buck* case], and *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984), [the second *Buck* case]. The defendant in those two cases, who is also the appellant in the present proceeding, was initially sentenced by the Circuit Court of Randolph County to seventy-five years in the State penitentiary for aggravated robbery. In the first *Buck* case he raised the question of whether his sentence was proportional and whether it violated the cruel and unusual punishment provisions of the United States and West Virginia Constitutions. This Court, in that case, remanded "for reconsideration of the sentence and for the development of an appropriate sentencing record". In the second *Buck* case, which was decided after reconsideration of the sentence and after the development of a sentencing record, this Court concluded that the seventy-five year sentence imposed upon the defendant was disparate and violated the constitutional provisions which require that penalties be proportioned to the character and degree of the offense. The Court, however, declined to set a reduced sentence but again remanded the case for reconsideration.

Upon the second remand, the trial court reduced the defendant's sentence from seventy-five years to thirty years in the State penitentiary. In the present proceeding the defendant claims that the thirty-year sentence, like the earlier seventy-five-year

sentence, is disproportionate to the crime and is disparate when compared with the one-year sentence received by a codefendant. He also claims that the court's sentence is founded upon improper reasons and a misreading of this Court's second *Buck* opinion. After examining the record, we conclude that the defendant's assertions are without merit, and we affirm the thirty-year sentence.

Briefly, the facts of this case, which are discussed at more length in the earlier opinions, are that the defendant and James H. Richards conspired to rob the store of Fred Kerns of Job, West Virginia. To carry out the robbery, they, on October 9, 1978, entered the store and ordered some soft drinks. While Mr. Kerns was retrieving the drinks, the defendant struck him in the head with a tire iron and robbed him. As this Court noted in the second *Buck* opinion, the evidence which was introduced during the defendant's trial indicated that he, rather than Mr. Richards, was the instigator of the robbery and that he was the party who struck the victim.

On February 28, 1979, the defendant was convicted of aggravated robbery. One month later Mr. Richards, who had testified against the defendant at trial, was permitted to plead guilty to a reduced charge of grand larceny and was sentenced to one year in jail. After Mr. Richards entered his plea, the defendant was sentenced to seventy-five years in the State penitentiary.

After the second remand of this case, the Circuit Court of Randolph County conducted a hearing on July 9, 1984, to consider the factors essential for a proper resentencing of the defendant. At that hearing the judge announced that he had read a pre-sentence investigation report, a report prepared at the Huttonsville Diagnostic Center, and a psychological report prepared at Weston State Hospital. The judge also indicated that he had read a police report involving the defendant and the transcript of the first hearing conducted relating to the defendant's resentencing. On the defendant's motion the judge agreed to consider an additional report prepared by the institutional psychologist at the West Virginia Penitentiary, as well as a letter from a social worker who had acted as the defendant's counselor. At the conclusion of the hearing the court reduced the defendant's sentence from seventy-five years to thirty years in the State penitentiary.

In the present proceeding the defendant asserts that the circuit judge did not measure the sentence which he received against sentences for more serious or similar offenses in other states, and he suggests that when the sentence is so considered, it is disproportionate to the crime committed.

A fundamental rule relating to the constitutionality of sentences is set forth in syllabus point 5 of *State v. Cooper*, 172 W.Va. 266, 304 S.E.2d 851 (1983):

Punishment may be constitutionally impermissible, although not cruel or unusual in its method, if it is so disproportionate to the crime for which it is inflicted that it shocks the conscience and offends fundamental notions of human dignity, thereby violating West Virginia Constitution, Article III, Section 5 that prohibits a penalty that is not proportionate to the character and degree of an offense.

In the second *Buck* case this Court, in overturning the defendant's seventy-five year sentence, examined the statutory schemes for punishing aggravated robbery in twenty-eight jurisdictions other than West Virginia. *See* note 3, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406, 409 (1984). In a number of those jurisdictions the maximum penalty exceeds the thirty-year sentence imposed upon the defendant in the present case during resentencing. For instance, in Nebraska the crime is punishable by a maximum sentence of seventy years. In Illinois the maximum penalty is sixty years, and in Montana, fifty years. In Delaware and New Hampshire, a defendant can be sentenced to thirty years in the state penitentiary. Several jurisdictions appear to set twenty-five years as the maximum limit. These include New York, Ohio, South Carolina, and Wyoming. In all, eighteen of the twenty-eight jurisdictions have maximum sentences of twenty to twenty-five years.

■ During the hearing in the defendant's case the trial judge referred to note 3 of the second *Buck* case and apparently considered what other states did in aggravated robbery cases. At any rate, this Court, after considering the penalties, cannot conclude that the thirty-year sentence imposed upon the defendant is so out-of-line with the general view as to be *per se* unconstitutional.

The fairly severe penalties broadly recognized as appropriate for aggravated robbery suggest that the crime is widely viewed as one of severity. The case presently under consideration illustrates that its effects upon victims are potentially long-term and severe. The victim in the present case was beaten in the head with a tire iron and maimed. There is evidence showing that he was permanently injured. He potentially will suffer many years or the remainder of his life. In measuring his potential suffering against the potential suffering of the defendant in the penitentiary for thirty years, this Court does not reach the conclusion that the thirty-year sentence shocks the conscience and offends fundamental notions of human dignity. In the majority's view, the sentence is not disproportionate under the test established in syllabus point 5 of *State v. Cooper, supra.*[1]

The next question presented by the defendant is whether the thirty-year sentence imposed upon him is disparate when compared with the sentence imposed upon his codefendant.

■ In syllabus point 2 of the second *Buck* case, *State v. Buck*, 173 W.Va. 243, 314 S.E.2d 406 (1984), this Court stated:

Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Clearly, the involvement of the defendant in the crime presently under consideration was different from the involvement of the codefendant, Mr. Richards. There is evidence that the defendant planned the crime. There is evidence that the defendant was the party who struck the victim, Mr. Kerns, with a tire iron. There is also evidence that the codefendant attempted to prevent the defendant from inflicting severe injury upon Mr. Kerns. Later, the codefendant admitted his guilt and testified against the defendant. Although there were similarities in the juvenile and adult records of the parties, such similarities, given the other circumstances, do not require imposition of identical or approximately identical sentences upon both offenders.

In at least two other jurisdictions courts have refused to set aside sentences on the basis of disparity where the sentences were similar to those in the present case. In *State v. Pierce*, 107 Idaho 96, 685 P.2d 837 (1984), the court approved a thirty-year sentence imposed upon one defendant even though a codefendant received only six months, where the codefendant admitted his guilt. In *State v. Swartz*, 444 So.2d 660 (La.1983), the court approved two consecutive thirty-five year sentences imposed on one defendant even though a cooperative codefendant received a suspended sentence upon a plea of guilty to simple robbery.

1. The recent decision of the Supreme Court of the United States in *Hutto v. Davis*, 454 U.S. 370, 102 S.Ct. 703, 70 L.Ed.2d 556 (1982), *reh'g denied*, 455 U.S. 1038, 102 S.Ct. 1742, 72 L.Ed.2d 156 (1982), lends some support to this conclusion. In the *Hutto* case the defendant was sentenced to two consecutive twenty-year terms in the penitentiary for the non-violent crimes of intent to distribute and the distribution of nine ounces of marijuana. A United States district court granted habeas corpus relief. A court of appeals ultimately affirmed the habeas corpus relief. The Supreme Court of the United States reversed the decision of the court of appeals and ordered that the habeas corpus petition be dismissed, thus impliedly recognizing the validity of the forty-year sentence. The technical reason for reversing the court of appeals' decision was that the court had sanctioned an intrusion into the line-drawing process that was properly within the province of the legislatures, not the courts.

Lastly, the defendant asserts that the trial judge, after the second remand, failed to consider all the factors required in a proportionality analysis. He claims that the judge placed primary emphasis on the psychological reports from the Huttonsville Correctional Center and Weston State Hospital, which labeled him an "anti-social personality." He argues that the Huttonsville report was not entirely negative and did not exclude the possibility of probation, as this Court noted in the second *Buck* opinion at 173 W.Va. at 247, 314 S.E.2d at 411. He also argues that the negative Weston report was based on incomplete psychological testing and that the report was self-contradictory and at points nonsensical. He further suggests that the report of the institutional psychologist at the West Virginia Penitentiary, Dr. Warner, which was based on interviews and tests conducted after the Huttonsville and Weston examinations, fails to support the anti-social findings of the report, but shows that he is extroverted, naive, self-centered and optimistic. He also argues that that report shows that he is able to adapt readily to his surroundings.

While the defendant places great emphasis upon the report prepared by the institutional psychologist at the West Virginia Penitentiary, that report alone does not, in this Court's judgment, constitute a factor which would be overwhelming in determining the sentence to be imposed on the defendant. Sentencing analysis, as this Court indicated in the second *Buck* opinion, should involve a consideration of many circumstances, and this Court believes that in the present proceeding the defendant has failed to show that the totality of those circumstances indicate that the thirty-year sentence imposed upon him was improper.

For the reasons stated, the judgment of the Circuit Court of Randolph County is affirmed.

Affirmed.

MILLER, J., dissents.