COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Moon, Judge Fitzpatrick and
          Senior Judge Hodges
Argued at Alexandria, Virginia

JOHN JOSEPH GREASER

v.      Record No. 1056-94-4      MEMORANDUM OPINION[*] BY
                                   JUDGE WILLIAM H. HODGES
COMMONWEALTH OF VIRGINIA              DECEMBER 5, 1995


              FROM THE CIRCUIT COURT OF FREDERICK COUNTY
                       James L. Berry, Judge

          E. Eugene Gunter for appellant.

          Michael T. Judge, Assistant Attorney General
          (James S. Gilmore, III, Attorney General, on
          brief), for appellee.



     The appellant, John Joseph Greaser, was convicted by a jury

of driving after having being declared an habitual offender, a

felony, pursuant to Code § 46.2-357(2).  On appeal, appellant

contends that the trial judge erred (1) in allowing counsel to

repeat their peremptory strikes and (2) in admitting evidence

that appellant smelled of alcohol and in refusing to admit

evidence that appellant was acquitted of driving while

intoxicated.  Finding no error, we affirm.

                    I.  The Peremptory Strikes
          The United States Supreme Court has outlined
          the procedure for determining whether a
          prosecutor exercised a peremptory strike to
          remove a prospective juror solely on account
          of the juror's race.  A defendant must first
          establish a prima facie showing that the
          peremptory strike was made on the basis of
          race.  At that point, the burden shifts to

---

[*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

the prosecution to produce explanations for striking the juror which are race-neutral. Even if race-neutral, the reasons may be challenged by the defendant as pretextual. Finally, the trial court must decide whether the defendant has carried his burden of proving purposeful discrimination by the prosecutor in selecting the jury panel. On appeal, the trial court's findings will be reversed only if they are clearly erroneous.

Buck v. Commonwealth, 247 Va. 449, 451, 443 S.E.2d 414, 415 (1994) (citations omitted). See also James v. Commonwealth, 247 Va. 459, 442 S.E.2d 396 (1994).

After appellant made his Batson challenge, the prosecutor explained that he struck Cecily Haston, an African-American, and not Carolyn Rosenberger, who is white, because Haston indicated she had a personal friendship with appellant's mother-in-law. Rosenberger, on the other hand, knew appellant's mother-in-law because they worked at the same place. In his explanation, the prosecutor suggested that he used his last available peremptory strike to strike Haston, when he explained that he "was trying to decide between the two." After hearing the prosecutor's explanation, the trial judge stated, "I don't think that I can accept that as a valid reason, and not have struck the other people who expressed a similar relationship." Without expressly finding discrimination, the trial judge ruled that the parties would have to exercise their peremptory strikes anew. During this second procedure, the prosecutor struck Haston and Rosenberger.

The trial judge noted that he "ordered that the jury be re-

struck" because Haston and Rosenberger "expressed a similar . . . not exactly the same, but a similar relationship" with appellant's mother-in-law. Appellant reiterated his Batson challenge, but the trial judge found that the Commonwealth provided a "race-neutral explanation for the striking of Ms. Haston."

A defendant is not constitutionally entitled to be tried by a jury made up of members of any particular race as long as the jury was selected pursuant to nondiscriminatory, neutral guidelines. Winfield v. Commonwealth, 12 Va. App. 446, 448, 404 S.E.2d 398, 399 (1991), aff'd on reh'g en banc, 14 Va. App. 1049, 421 S.E.2d 468 (1992). "The manner in which jury selection is conducted is within the discretion and control of the trial court, guided by statute and rule of court. See Code § 8.01-358; Rule 3A:14." Buchanan v. Commonwealth, 238 Va. 389, 400, 384 S.E.2d 757, 764 (1989), cert. denied, 110 S. Ct. 880 (1990). By ordering the parties to exercise their peremptory strikes a second time and withholding his findings as to whether the Commonwealth violated Batson, the trial judge did not abuse his discretion. See id.; cf. Ellerbee v. State, 450 S.E.2d 443, 447-48 (Ga. Ct. App. 1994) (after initial determination that race-neutral reason not given for peremptory strike, trial court ordered parties to restrike jury before making final decision as to discriminatory intent).

Because Rosenberger and Haston were ultimately struck, the

trial judge's deferred finding that there was no purposeful discrimination was not clearly erroneous.

## II. The Evidentiary Rulings

"Evidence is admissible if it is both relevant and material." Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987). "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case." Ragland v. Commonwealth, 16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993). "'Upon finding that certain evidence is relevant, the trial court is then required to employ a balancing test to determine whether the prejudicial effect of the evidence sought to be admitted is greater than its probative value.'" Id. (quoting Wise v. Commonwealth, 6 Va. App. 178, 188, 367 S.E.2d 197, 203 (1988)). On appeal, a trial judge's ruling that the probative value of admitting relevant evidence outweighs any incidental prejudice to the accused will be reversed only on a clear showing of an abuse of discretion. Lewis v. Commonwealth, 7 Va. App. 596, 602, 376 S.E.2d 295, 298, aff'd on reh'g en banc, 8 Va. App. 574, 383 S.E.2d 736 (1989).

Evidence that appellant smelled of alcohol was admissible and was a factor that the jury could consider in determining whether appellant's driving endangered life, limb, or property. See Simon v. Commonwealth, 220 Va. 412, 416-19, 258 S.E.2d 567, 570-73 (1979) (holding that evidence of alcohol consumption was admissible to show reckless disregard of human life in retrial of prosecution for vehicular manslaughter). The evidence showed that appellant's car weaved in the lane and abruptly stopped.

Also, appellant and his wife testified that appellant had not consumed any alcohol. In light of the Commonwealth's burden to prove that appellant's driving endangered life, limb, or property and appellant's denial that he consumed alcohol, the trial court did not abuse its discretion in ruling that the probative value of admitting relevant evidence outweighed any prejudice to the accused.

Appellant also contends that the trial judge erred in refusing to allow him to present evidence that he was acquitted of driving while intoxicated. When a party presents evidence, the other party may introduce in rebuttal any relevant evidence that directly responds to the evidence presented. See Satcher v. Commonwealth, 244 Va. 220, 252, 421 S.E.2d 821, 840 (1992); see also 23A Am. Jur. 2d Criminal Law § 1219 (1989) (prosecution or defense may introduce in rebuttal any competent evidence that explains or is direct reply to material evidence presented by opponent).

Whether appellant was intoxicated was not an element of the crime for which appellant was on trial, nor did the Commonwealth present evidence that appellant was intoxicated or charged with being intoxicated. Thus, appellant was limited to rebutting the circumstantial evidence that appellant smelled of alcohol by presenting circumstantial evidence that he did not drink any alcohol. Appellant presented appropriate rebuttal evidence when he and his wife testified that appellant did not drink any

alcohol.  Accordingly, the trial judge did not abuse his discretion by refusing to admit evidence that appellant was acquitted of being legally intoxicated.

For the reasons stated, we affirm the trial court.

<u>Affirmed.</u>