## Salem

RICHARD LEE STOTLER

v.

COMMONWEALTH OF VIRGINIA

No. 0283-85

Decided July 1, 1986

COUNSEL

Charles S. McCandlish (Snarr, McCandlish & Rockwood, on brief), for appellant.

John H. McLees, Jr., Assistant Attorney General (William G. Broaddus, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Richard Lee Stotler appeals his convictions for robbery, grand larceny and use of a firearm in the commission of a felony on the ground that the trial court erred when it refused to grant a mistrial after the Commonwealth attempted to introduce evidence in its case-in-chief which it had failed to disclose pursuant to a discovery order.

After Stotler's indictment for robbery, his counsel obtained a discovery order which required the Commonwealth to disclose all oral statements or confessions made by appellant to police. In response to the order, the Commonwealth's Attorney provided a detailed summary of appellant's oral statements to the police, including three separate and voluntary confessions to the crimes which were made to three different officers. The Commonwealth's summary did not include a portion of the statement made by appellant to Deputy Sheriff Frank Hopkins while being escorted to his cell, that he was "going to take this to trial, because I want to cost the state as much money as I can."

At trial, after the inculpatory portion of the statement made to Hopkins was elicited by the Commonwealth's Attorney during direct examination, he further probed: "What else did he say?" Hopkins repeated Stotler's remarks regarding taking the case to trial. Appellant's counsel objected on the basis that the statement had not been disclosed during discovery and promptly moved for a mistrial. The trial court sustained the objection,[1] denied the mistrial motion and admonished the jury to disregard the statement.

■ There is no general constitutional right to discovery in a criminal case. *Watkins* v. *Commonwealth*, 229 Va. 469, 479, 331 S.E.2d 422, 430 (1985). Under Virginia Rule 3A:11(b)(l)(i), however, a defendant may obtain copies of written or recorded confessions or statements or the substance of any oral statements of the accused made to any law enforcement officer, the existence of which is known to the attorney for the Commonwealth. A defendant also may obtain *exculpatory* evidence known to the Commonwealth. *Bellfield* v. *Commonwealth*, 215 Va. 303, 208 S.E.2d 771 (1974), *cert. denied*, 420 U.S. 965 (1975). The suppression or withholding by the prosecution of evidence favorable to the accused upon request violates due process when the evidence is material either to guilt or to punishment, irrespective of the good faith of the prosecution. *Lowe* v. *Commonwealth*, 218 Va. 670, 239 S.E.2d 112, *cert. denied*, 435 U.S. 930 (1977). However, nothing suggests that the undisclosed statement objected to by appellant could be considered exculpatory or favorable. The disclosure would not have benefited appellant's defense. *Davis* v. *Commonwealth*, 230 Va. 201, 204, 335 S.E.2d 375, 377 (1985).

Appellant argues on appeal that had the statement been disclosed as required by the discovery order counsel could have anticipated the attempt to introduce the statement, which he contends is also inadmissible as irrelevant, and avoided its prejudicial effect by a motion *in limine*. Since there is no challenge to the court's ruling concerning admissibility of the statement, but only whether the attempt to introduce the evidence required granting a mistrial because it was not disclosed pursuant to the discovery order, we limit our discussion to whether a mistrial should have been granted. Rule 5A:18.

---

[1] We assume that the trial court sustained the objection on the ground asserted by the appellant. Nothing in the record indicates that the trial court sustained the objection on relevancy grounds or on the ground that the evidence was unduly prejudicial.

■ The Supreme Court has held that a trial court's admission of relevant and material evidence at trial which was not disclosed as required by a discovery order is not reversible error in the absence of a showing of prejudice. *Davis*, 230 Va. at 204-05, 335 S.E.2d at 377-78. The holding in *Davis* did not condone the intentional violation of a discovery order and should not be construed as judicial approval of nondisclosure of required discovery. *See* A.B.A. Standards, *The Prosecution Function* § 3:11 (Approved Draft, 1971); Model Code of Professional Responsibility DR 7-103(B) (1979); Virginia Code of Professional Responsibility DR8-102(4) (1986). We emphasize that when it appears to a trial court that a party has deliberately attempted to introduce evidence which it knows is improper *or* inadmissible, either because it was not disclosed during discovery or because it otherwise is inadmissible under rules of evidence, it is the duty and responsibility of the court to deter such inappropriate tactics by taking such action, imposing such sanctions, or granting such relief as it deems appropriate.[2] Unless trial courts impose sanctions for intentional failure to comply with discovery orders, or improper trial conduct by counsel who disregard the rules of evidence to gain some advantage, the fact finding process is reduced to an exercise in brinkmanship. The trial judge, therefore, properly sustained the appellant's objection to the statement.

The trial court overruled appellant's motion for a mistrial but promptly gave the jury an explicit cautionary instruction directing them to disregard the statement. After the guilty verdict was returned, defense counsel made a motion to set aside the verdict. The court denied the motion, finding that the instruction to disregard was sufficient, that a mistrial was not necessary, and that the evidence of the undisclosed statement was harmless beyond a reasonable doubt. We agree.

■ The effect of improper remarks or the disclosure of inadmissible evidence is presumed to be curable by an admonishment to the jury. *LeVasseur* v. *Commonwealth*, 225 Va. 564, 589, 304

---

[2] When it is brought to the attention of a court that the Commonwealth has failed to comply with a discovery order, the court *may* prohibit the Commonwealth from introducing the evidence or "enter such other order as it deems just under the circumstances." Code § 19.2-265.4 (emphasis added); *see also* Rule 3A:11(g). Certain circumstances may dictate a citation for contempt and/or require referral of the matter to the appropriate ethics committee of the bar.

S.E.2d 644, 651 (1983). When the trial court has taken such corrective action, a mistrial should not be declared unless there is a manifest probability that such action will not remove the prejudicial effects of improper remarks. *Saunders* v. *Commonwealth*, 218 Va. 294, 303, 237 S.E.2d 150, 156 (1977). The nature of the statement was that appellant intended to exercise his constitutional right to a trial with the resulting expense to the Commonwealth. Even if inadmissible, the statement, at most, suggested that the appellant would exercise his right to put the state to the expense of a trial. There is no showing of manifest probability that the effect of such a statement on the finding of guilt or determination of sentence was prejudicial to appellant. In light of the undisputed evidence concerning the nature of the crimes and appellant's multiple confessions to the crimes, the statement made to Deputy Sheriff Hopkins could not have prejudiced the guilt-finding process of the trial. The sentences recommended by the jury, thirty years for robbery, two years for a gun charge, and ten years for grand larceny, while substantial, are far less than the permissible maximums. The sentences were not unusual or excessive considering the nature and circumstances of the offenses. The conviction is hereby affirmed.

*Affirmed.*

Benton, J., and Moon, J., concurred.