## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Kenyatta Warnett

December 3, 1999

Case No. CR99002360

BY JUDGE MARC JACOBSON

On August 20, 1998, Norfolk police obtained warrants to search properties located at 856 Trice Terrace, Apartment D, and 852 Trice Terrace in the City of Norfolk. The search warrants were obtained pursuant to affidavits filed by Investigator Maslow of the Norfolk Police Department. The affidavits contained information detailing surveillance conducted at both locations and information known to police officers about the respective locations and certain suspects. The affidavits also contained information provided by a confidential informant who aided police investigators by participating in a controlled drug purchase with a co-defendant of Kenyatta Warnett (Defendant) within the seventy-two hour period preceding the execution of the search warrant.

In the process of executing the search warrants, the police recovered suspected illegal drugs and firearms and a search of Defendant revealed keys fitting the doors of both residences. The Defendant was arrested and subsequently indicted on a number of charges.

Defendant has filed a Motion for Disclosure of Confidential Informants moving this Court for the entry of an order compelling the Commonwealth to disclose the identity of the informant mentioned in the affidavits filed by Investigator Maslow. The Defendant claims that disclosure of the informant's identity is vital to the proper preparation of his defense. The Commonwealth

has objected to the disclosure of information sought in the Motion and claims that the informant was not present when the search warrant was executed.

In Virginia, a criminal defendant enjoys no general right to discovery. *See Stoler v. Commonwealth*, 2 Va. App. 481, 346 S.E.2d 39 (1986), and *Keener v. Commonwealth*, 8 Va. App. 208, 380 S.E.2d 21 (1989). However, due process requires that the Commonwealth produce evidence favorable or exculpatory to a criminal defendant upon request when that evidence is material either to guilt or to punishment. *Brady v. Maryland*, 373 U.S. 83 (1963); *Walker v. Commonwealth*, 4 Va. App. 286, 356 S.E.2d 853 (1987); *Keener, supra.*

As a general rule, the identity of individuals who furnish law enforcement officials with information regarding alleged violations of law is privileged from discovery. *McLawhorn v. State of North Carolina*, 484 F.2d 1 (4th Cir. 1973); *Lanier v. Commonwealth*, 10 Va. App. 541, 394 S.E.2d 495 (1990). The seminal case involving this privilege is *Roviaro v. United States*, 353 U.S. 53 (1957). In *Roviaro*, the defendant was convicted for violations of federal laws. *Id.* at 55-56. The defendant appealed, claiming that the trial court had erred in allowing the prosecution to withhold the identity of an undercover informant despite the defendant's repeated requests to discover the informant's identity. *Id.* at 55. The evidence reflected that the informant had taken a material part in bringing about the possession of the drugs by the defendant, had been present with the defendant at the occurrence of the alleged crime, and might have been a material witness as to whether the defendant knowingly transported the drugs as charged. *Id.*

The United States Supreme Court began its analysis stating:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law enforcement officials and, by preserving their anonymity, encourages them to perform that obligation ... .

*Id.* at 59. However, the Court noted that the privilege must be limited by principles of fundamental fairness. *Id.* at 60. Thus, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." *Id.* at 60-61.

The Court addressed the proper balancing of interests involved stating:

> We believe that no fixed rule with respect to disclosure is justified. The problem is one that calls for balancing the public interest in

protecting the flow of information against the individual's right to prepare his defense. Whether a proper balancing renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors.

*Id.* at 62.

In holding that the trial court had erred in failing to require disclosure of the identity of the informant, the *Roviaro* Court found significant that the informant was the sole participant, other than the accused, in the transaction for which the defendant was charged; that the informant had helped to set up the criminal occurrence; and that the informant had played a prominent part in bringing the criminal occurrence about. *Id.* at 64. The Court also found significant that the informant was the only witness in a position to contradict the testimony of government witnesses:

The fact that [the defendant] here was faced with the burden of explaining or justifying his alleged possession of the heroin emphasizes his vital need for access to any material witness ... . Unless [the defendant] waived his constitutional right not to take the stand in his own defense, [the informant] was his one material witness. [The defendant's] opportunity to cross-examine [police officers who had observed the defendant at the time of the alleged crimes] was hardly a substitute for an opportunity to examine the man who had been nearest to him and took part in the transaction.

*Id.* at 63-64. The Court noted that the informant's testimony might have disclosed an entrapment, thrown doubt upon the defendant's identity, or shown the defendant's lack of knowledge of the contents of the package he transported which contained the heroin. *Id.* at 64. Under such circumstances, the balance of interests involved weighed heavily in favor of the defendant's being allowed to discover the identity of the confidential informant.

In undertaking to balance the interests involved, many courts have distinguished between informants who have participated in the crimes charged and mere tipsters. In *McLawhorn v. State of North Carolina*, 484 F.2d 1 (4th Cir. 1973), the United States Court of Appeals for the Fourth Circuit held that the state trial court's refusal to reveal the identity of a confidential informant who had participated in the illegal drug activities for which the defendant was convicted was a denial of due process. The Court stated:

> In determining whether invocation of the privilege of nondisclosure is to be sustained a distinction has frequently been made based on the nature of the informant's activities, that is, whether the informant is an active participant in the offense or is a mere tipster who supplies a lead to law enforcement officers to be pursued in their investigation of the crime. Applying this distinction, disclosure is required where the informant is an actual participant, particularly where he helps set up the occurrence.

*Id.* at 5. The Court explained that, as opposed to a mere tipster, an informant who is an actual participant in the crime charged may serve as a witness to material and relevant events and that fundamental fairness dictates that a criminal defendant have access to such an informant as a potential witness. *Id.*

The facts of *McLawhorn* showed that the confidential informant initially suggested that the defendant had dealt in drugs; made telephone calls to the defendant in an attempt to arrange a sale of drugs; introduced the defendant to undercover police officers who conducted controlled drug transactions with the defendant; engaged in negotiations for such transactions; took delivery of the drugs sold by the defendant; and paid at least part of the purchase price. *Id.* at 6. As the engineer of the material events leading up to the criminal occurrence, the informant was in a position to testify "directly from personal knowledge concerning the transportation, possession, and sale" of the illegal drugs for which the defendant was convicted. *Id.* Under such circumstances, fundamental fairness dictated that the defendant have access to the informant as a material witness and, thus, required that the prosecution disclose to the defendant the identity of the confidential informant. *Id.* at 7.

The Virginia Court of Appeals has also recognized the distinction between an informant who is an active participant in the offense charged and a mere tipster in weighing the possible significance of the informant's testimony to the defense. *Keener v. Commonwealth,* 8 Va. App. 208, 380 S.E.2d 21 (1989). In *Keener,* the defendant was charged with possession with intent to distribute a controlled substance. *Id.* at 210, 380 S.E.2d at 22. During the trial, the defendant moved for a mistrial on the ground that, despite a request by the defendant, the Commonwealth had failed to disclose exculpatory evidence regarding an informant's role in the offense charged. *Id.* at 211, 380 S.E.2d at 23. The trial judge denied the motion and the defendant was convicted by the jury. *Id.*

At a post-trial hearing on a Motion to Set Aside the Verdict, the evidence showed that the informant had played a substantial role in the offense for which the defendant was convicted. The defendant had been approached by

the informant, who was a former girlfriend of the defendant, and an undercover police officer. The informant and the police officer expressed an interest in obtaining illegal drugs. The informant provided the defendant with money with which to purchase the drugs and offered sexual favors in return for the defendant's purchasing the drugs. In holding that the trial court had erred in denying the defendant's Motion for a Mistrial, the Court of Appeals found significant that the informant had arranged meetings between herself, the undercover police officer, and the defendant and that the informant's home had provided the setting for the criminal transaction. *Id.* at 213, 380 S.E.2d at 24. As the Court stated, "the informant ... did much more than tip off the government ... . The informant set up the deal. [S]he was a necessary party to the ... negotiations which led to the attempted sale." *Id.* (quoting *United States v. Price*, 783 F.2d 1132, 1139 (4th Cir. 1986)).

The *Keener* Court further noted that, as in *Roviaro*, the informant's testimony might have tended to show entrapment. *Id.* at 213, 380 S.E.2d at 24. Given that the informant was a former girlfriend of the defendant; had offered sexual favors in return for the defendant's purchasing the drugs; was working for the Commonwealth; and as a result of her cooperation obtained a reduction of her own pending charges, it was not unreasonable to suggest that the informant may have employed such measures in order to obtain the defendant's compliance with her illegal requests. As the Court noted, "[w]henever the informant has a stake in the arrest of the accused, the risk of entrapment is increased." *Id.* at 214, 380 S.E.2d at 25.

In the instant case, Defendant contends that the informant's participation in the Defendant's arrest mandates disclosure of the informant's identity, stating:

> In this case, the police officer obtained the attached Search Warrant. In order to have that warrant issued, he gave information ... regarding the testimony of a confidential informant. As indicated in the Affidavit in Support of Search Warrant in this case, "[t]he confidential informant stated that he/she has purchased cocaine from 856 Trice Terrace ... in the past." In addition, the Affidavit ... states that the confidential informant made a controlled purchase from Pamela Hardy within 856 Trice Terrace within seventy-two hours of making the Affidavit. As a result, the confidential informant helped set up the criminal occurrence and played a prominent role in it.

Motion of Defendant for Disclosure of Confidential Informants and Incorporated Memorandum of Law (hereinafter "Defendant's Memo"), 7.

However, the informant's previous drug purchases at 856 Trice Terrace, be they controlled purchases or otherwise, does not rise to the level of actual participation in the offense charged that is required to overcome the Commonwealth's privilege to withhold the informant's identity. Defendant is charged, *inter alia*, with illegal possession of controlled substances, intent to distribute these substances, and illegal possession of firearms. The evidence does not indicate that the informant engineered, participated in, or in any way aided in bringing about Defendant's acquisition or possession of such drugs and firearms.

Defendant argues that "[w]ithout disclosure of the informant's identity and the ability to interview the informant or call the informant as a witness, the accused would be forced to testify in order to try to establish that he was misidentified, lacked knowledge or intent, or was entrapped." Defendant's Memo, 6. However, in contrast to *Roviaro, McLawhorn,* and *Keener,* the informant in the instant case was not present at the time of the alleged criminal occurrences for which Defendant is charged. Further, the evidence does not indicate that the informant continued or perpetuated an entrapment. Thus, the informant in this case could not testify from personal knowledge concerning lack of intent or knowledge on the part of the defendant or an entrapment or misidentification on the part of law enforcement officers.

The Court concludes that knowledge of the identity of the informant in the instant case would not be essential to or for the Defendant in preparing an adequate defense. The evidence would indicate that the informant was not an actual participant in the criminal occurrences charged and was not a witness to the relevant and material events leading up to or at the time of the alleged illegal possession of drugs and firearms for which Defendant is charged. The Defendant has not indicated with any reasonable degree of specificity, other than conjecture or speculation, how the revelation of the confidential informant would be material to Defendant's defense. Considering and balancing the totality of the circumstances, the public interest in protecting the flow of information regarding violations of the law outweighs any alleged aid Defendant might receive in the preparation of his defense from the disclosure of the informant's identity.

The Court finds that after reviewing and considering the facts in the instant case as the same applied to the relevant case law and further considering the underlying policy considerations referred to above, Defendant is not entitled to discover the identity of the confidential informant. The Motion of Defendant is denied.