Commonwealth of Virginia

v.

Martin Leonard Potter

## March 20, 2001

## Case Nos. CRF00701 to CRF00706

BY JUDGE D. ARTHUR KELSEY

The defendant, Martin Leonard Potter, stands accused of capital murder, attempted robbery, statutory burglary, and unlawful use of a firearm. According to the Commonwealth, the murder took place at 5424 Pruden Boulevard, Suffolk, Virginia, at a home owned by the grandfather of the young man killed. Over the objection of the grandfather, the defendant moves the Court for a discovery order compelling an inspection of his residence. *See* Motion to View and Inspect (Feb. 9, 2001).

The defendant concedes that Virginia Supreme Court Rule 3A:11(b)(2) permits discovery only of items "that are within the possession, custody, or control of the Commonwealth." The defendant argues, however, that he has a constitutional right to inspect the grandfather's private residence. The Commonwealth objects to the motion, claiming the defendant "wishes to engage in a fishing expedition" and has not articulated any specific reason why the inspection would materially improve the defendant's ability to defend himself. *See* Brief in Opposition to Defendant's Motion to View the Crime Scene (March 9, 2001).

"There is no general constitutional right to discovery in a criminal case," *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977), and indeed, "the Due Process Clause has little to say regarding the amount of discovery which the parties must be afforded," *Wardius v. Oregon*, 412 U.S. 470, 474 (1973). Virginia courts have consistently reached the same conclusion. *See, e.g., Blackmon v. Commonwealth*, 33 Va. App. 728, 735, 536 S.E.2d 918, 921 (2000) ("defendant does not have a general constitutional right to discovery

in a criminal case"); *see also Swisher v. Commonwealth*, 256 Va. 471, 480, 506 S.E.2d 763, 768 (1998); *Goins v. Commonwealth*, 251 Va. 442, 456, 470 S.E.2d 114, 124 (1996); *Watkins v. Commonwealth*, 229 Va. 469, 479, 331 S.E.2d 422, 430 (1985); *Stotler v. Commonwealth*, 2 Va. App. 481, 483, 346 S.E.2d 39, 40 (1986).

Though acknowledging the absence of any precedent on this point from the U.S. Supreme Court or the Virginia Supreme Court, a panel of the Virginia Court of Appeals in *Henshaw v. Commonwealth*, 19 Va. App. 338, 451 S.E.2d 415 (1994) (Cole, J.), recognized a limited constitutional right of a defendant to a court-ordered inspection of a crime scene owned by a private citizen. *But cf. Clark v. Commonwealth*, 33 Va. App. 536, 535 S.E.2d 181 (2000), *vacating on an evenly divided en banc vote* 31 Va. App. 96, 521 S.E.2d 313 (1999) (Cole, J.) (recognizing a constitutional right of a defendant accused of a sex offense to compel a medical examination of the victim of the crime). Though *Henshaw* found such a right existed, the opinion provides, at best, inexact guidance on the standard to be used in determining whether the defendant has made a sufficient showing to implicate the constitutional right to discovery. *Henshaw* states that the trial court must order an inspection when it may likely lead to "relevant and material" information[1] — that is, so long as no "special circumstances" exist suggesting that "the private citizen's constitutional right to privacy outweighs the accused's right to view or inspect the premises." *Henshaw*, 19 Va. App. at 346, 451 S.E.2d at 420. Under this standard, the defendant need only make a "*prima facie* showing" of relevance and materiality. *Id.* Elsewhere in the opinion, however, *Henshaw* states that a "substantial basis" must be shown before the right to inspect accrues. *Id.* And, whatever the proper standard, it must "be kept in mind" that the physical condition of a crime scene is "generally relevant" in a criminal case. *Henshaw*, 19 Va. App. at 346, 451 S.E.2d at 419-20 (quoting from *Mercer v. Commonwealth*, 150 Va. 588, 600-01, 142 S.E. 369, 372-73 (1928)).

The Court will leave for another day whether a mere *prima facie* standard or some heightened requirement (like a "substantial basis" test) should govern the right recognized in *Henshaw*, as well as the question whether the grandfather's privacy rights should take precedence over the defendant's putative right to discovery. To date, the defendant has not provided the Court with any specific proffer explaining how the physical characteristics of the

---

[1] Relevance focuses on whether the evidence tends to establish the proposition for which it was offered, and materiality addresses whether the evidence relates to a matter properly at issue. *Neeley v. Commonwealth*, 17 Va. App. 349, 358, 437 S.E.2d 721, 726 (1993) (quoting *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987)).

grandfather's home would be relevant and material to the factual allegations (either by the Commonwealth or by the defendant) surrounding this crime. Nothing in *Henshaw* requires the Court to presume that all crime scenes, as a matter of constitutional law, should be deemed relevant enough to mandate a court-ordered inspection.

The defendant claims he has a sufficiently specific proffer that would satisfy the requisite relevance and materiality tests, and he invites the Court to hear this proffer *in camera*. The Court cannot accept this proposal. It would be an improper *ex parte* communication that would violate the Commonwealth's right to participate in these proceedings and to advocate its views. Without being aware of the defendant's specific proffer of relevance, the Commonwealth could hardly argue intelligently against it or, for that matter, contend that "special circumstances" exist tipping the balance in favor of the grandfather's privacy rights. *Henshaw*, 19 Va. App. at 346, 451 S.E.2d at 420.

The Court will grant the defendant leave until March 30, 2001, to file a supplemental brief outlining the specific reasons why (i) the information expected to be obtained from requested inspection is both relevant and material to the defense, and (ii) no special circumstances exist giving preference to the grandfather, as the owner of the residence at 5424 Pruden Boulevard. If the Commonwealth contests the defendant's proffer or argues that special circumstances exist warranting denial of the inspection, the Commonwealth may file a rebuttal brief no later than five days after receipt of the defendant's supplemental brief. The Court will thereafter rule on the defendant's motion. It is so ordered.