COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Elder and
          Senior Judge Overton
Argued at Alexandria, Virginia


FLOYD MILES

                                MEMORANDUM OPINION[*] BY
v.   Record No. 0692-00-4        JUDGE LARRY G. ELDER
                                     APRIL 10, 2001
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF LOUDOUN COUNTY
                  Thomas D. Horne, Judge

          S. Jane Chittom, Appellate Defender (Public
          Defender Commission, on brief), for
          appellant.

          Virginia B. Theisen, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.


    Floyd Miles (appellant) appeals from his jury trial

convictions for breaking and entering, rape, forcible sodomy and

animate object penetration.  On appeal, he contends the trial

court erroneously (1) refused to admit evidence from unrelated

cases of an alleged pattern by the Commonwealth of failing to

comply with discovery orders in order to cause a mistrial; (2)

admitted the expert testimony of a sexual assault nurse that the

victim's injuries were inconsistent with consensual intercourse;

and (3) refused to give appellant's proffered jury instruction

---

        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

on the abolition of parole, even after the jury inquired specifically about the computation of appellant's sentence.  We hold the trial court's error, if any, in excluding evidence of alleged discovery violations in other cases does not provide a basis for reversal because appellant has established no prejudice.  We also hold that the testimony that the victim's injuries were inconsistent with consensual intercourse did not constitute impermissible testimony on the ultimate issue.  We conclude, however, as the Commonwealth concedes, that the court erroneously refused to instruct the jury on the abolition of parole.  Therefore, we affirm appellant's convictions but remand for resentencing in compliance with Fishback v. Commonwealth, 260 Va. 104, 532 S.E.2d 629 (2000).

I.

A.

EVIDENCE OF ALLEGED DISCOVERY VIOLATIONS IN OTHER CASES

"Evidence is admissible if it is both relevant and material."  Evans-Smith v. Commonwealth, 5 Va. App. 188, 196, 361 S.E.2d 436, 441 (1987).  "Evidence is material if it relates to a matter properly at issue" and "'relevant if it tends to establish the proposition for which it is offered.'"  Id. (quoting Charles E. Friend, The Law of Evidence in Virginia § 134 (2d ed. 1983)).  "The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of

-

discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371

S.E.2d 838, 842 (1988).

When the Commonwealth fails "to adequately and fully

provide discovery . . . under Rule 3A:11, . . . the court may

order the Commonwealth to permit the discovery or inspection,

grant a continuance, or prohibit the Commonwealth from

introducing the evidence not disclosed, or the court may enter

such other order as it deems just under the circumstances."

Code § 19.2-265.4 (emphasis added).

> [W]hen it appears to a trial court that a
> party has deliberately attempted to
> introduce evidence which it knows is
> improper or inadmissible, either because it
> was not disclosed during discovery or
> because it otherwise is inadmissible under
> rules of evidence, it is the duty and
> responsibility of the court to deter such
> inappropriate tactics by taking such action,
> imposing such sanctions, or granting such
> relief as it deems appropriate.

Stotler v. Commonwealth, 2 Va. App. 481, 484, 346 S.E.2d 39, 41

(1986). However, when an accused alleging a discovery violation

"shows no prejudice, he can claim no [reversible] error."

Hughes v. Commonwealth, 18 Va. App. 510, 529, 446 S.E.2d 451,

463 (1994) (en banc) (citing Davis v. Commonwealth, 230 Va. 201,

205, 335 S.E.2d 375, 378 (1985)). Thus, a defendant who alleges

the remedy fashioned for any discovery violation is insufficient

also must show prejudice in order to claim entitlement to

relief.

-

Here, we assume without deciding that evidence of the Commonwealth's alleged discovery violations in unrelated cases was relevant to the trial court's determination of the appropriate sanction, if any, to be imposed for the challenged discovery violation in this case--the Commonwealth's failure timely to provide appellant with a copy of the letter revealing the results of the herpes test performed on appellant's blood.[1] We also assume without deciding that the trial court abused its discretion in failing to consider that evidence. However, even assuming error in the exclusion of such evidence, the record fails to reveal any prejudice to appellant as a result, and thus, any such error does not require reversal.

The record shows the trial court granted appellant's request for a mistrial because it believed the late disclosure of the herpes blood test results could not be remedied in any other fashion once the jury became aware of the existence of a second vial of blood. In response to appellant's first motion to dismiss, which was based on an alleged double jeopardy violation, the court noted the herpes test results were not exculpatory and fashioned a remedy less drastic than dismissal

_____

[1] Although appellant's second motion to dismiss alleged numerous other discovery violations in this case, the issue presented to us by appellant and on which we granted this appeal relates only to "the conduct that caused a mistrial in this case." The conduct which caused the mistrial was the Commonwealth's questioning of Investigator Grigsby about the second vial of blood after failing to disclose the herpes test results during discovery.

-

of the indictment:  It precluded the Commonwealth from offering into evidence the results of the late-disclosed herpes test or any new test.  In ruling on appellant's second motion to dismiss, which was based on numerous alleged discovery violations, the court noted likely violations in the form of the Commonwealth's unexplained delay in producing certain "Brady materials," but even as to those likely violations, the court concluded appellant had "ample time" to make use of them and that it was inappropriate "to sanction [the Commonwealth] by having a potential criminal go free."  The only claim of prejudice appellant made in association with the discovery violation which necessitated the mistrial was that it extended the length of his pretrial incarceration.  However, he did not assert a speedy trial claim, and he made no allegation that the late disclosure of the herpes test and resulting mistrial rendered unfair the trial in which he ultimately was convicted. The record demonstrates, therefore, that the trial court fashioned a remedy for the challenged discovery violation, non-disclosure of the inculpatory herpes test results, which preserved appellant's right to a fair trial and that, even as to late-produced exculpatory evidence, the trial court thought the remedy of dismissal too extreme.  Thus, because appellant failed to show any prejudice from the late disclosure of the herpes test results, we affirm the trial court's denial of his motion to dismiss the indictment.

-

B.

TESTIMONY OF SEXUAL ASSAULT NURSE EXAMINER

Appellant contends the testimony of Nurse Suzanne Brown that the victim's injuries were inconsistent with consensual intercourse constituted improper testimony on an ultimate issue. For the reasons set forth in Hussen v. Commonwealth, 257 Va. 93, 511 S.E.2d 106 (1999), and Velazquez v. Commonwealth, ___ Va. App. ___, ___ S.E.2d ___ (2001), we disagree.

As we held in Velazquez, relying on Hussen, the statement that an alleged rape victim's injuries are "'inconsistent with consensual intercourse' . . . is 'not a comment on one of the ultimate issues of fact to be determined by the jury, that is, whether the defendant's conduct was against the victim's will." Velazquez, ___ Va. App. at ___, ___ S.E.2d at ___ (quoting Hussen, 257 Va. at 99, 511 S.E.2d at 109). Here, as in both Velazquez and Hussen, the expert witness' testimony "dealt [only] with consistencies and inconsistencies. [The expert] did not testify that, in her opinion, [the defendant] engaged in sexual intercourse with [the victim] against [the victim's] will, the ultimate issue in the case." Velazquez, ___ Va. App. at ___, ___ S.E.2d at ___. Thus, the trial court did not err in admitting the testimony.

-

C.

PAROLE INSTRUCTION

Appellant contends he is entitled to resentencing on all offenses because the trial court erroneously refused to instruct the jury on the abolition of parole in violation of the holding subsequently rendered in Fishback, 260 Va. 104, 532 S.E.2d 629. The Commonwealth concedes that Fishback entitles appellant to a remand for resentencing, and we agree.

Here, as in Fishback, appellant proffered an instruction on parole, which the trial court refused to give.  See id. at 109, 532 S.E.2d at 630.  The court then failed to answer the jury's specific question about the method of computing appellant's sentence.  See id. at 109-10, 532 S.E.2d at 630-31.  Because appellant committed the charged offenses on or after January 1, 1995, and because his case was not yet final when Fishback was decided, he is entitled to a new sentencing hearing before a new jury.  See id. at 115-17, 532 S.E.2d at 634-35.

II.

For these reasons, we hold that any error resulting from the trial court's refusal to admit evidence of other alleged discovery violations by the Commonwealth did not constitute reversible error because appellant has not proved prejudice.  We also hold that the court's admission of testimony that the victim's injuries were inconsistent with consensual intercourse did not constitute impermissible testimony on an ultimate issue

-

of fact.  However, we conclude that the trial court committed reversible error in refusing to instruct the jury on the abolition of parole and its impact on appellant's sentence. Therefore, we affirm appellant's underlying convictions but remand for resentencing.

<u>Affirmed on the merits and reversed and remanded for resentencing.</u>

-